UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSEMARY B. MCCULLOUGH,
SHANNON MCCULLOUGH, and CASEY
MCCULLOUGH,

              Plaintiffs,              **DECISION AND ORDER**

              v.                       6:24-CV-06077 EAW

MAXIMUS EDUCATION, LLC, *doing business
as* AIDVANTAGE,

              Defendant.
_____

      Plaintiffs Rosemary B. McCullough, Shannon McCullough, and Casey McCullough ("Plaintiffs") filed suit in New York State Supreme Court, Seneca County, on or about November 1, 2023, against defendant Maximus Education, LLC, doing business as Aidvantage ("Defendant"). (Dkt. 2-1; Dkt. 2-2; Dkt. 2-3). On February 5, 2024, Defendant removed the action to federal court on the basis of federal question jurisdiction. (Dkt. 1). Specifically, in the notice of removal, Defendant contends that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 "because Plaintiffs' claims involve federal loans arising under the Higher Education Act, which is a federal law enacted by Congress. Furthermore, as expressly stated in the Higher Education Act, the Secretary of Education may 'sue and be sued . . . in any district court of the United States.' 20 U.S.C. § 1082. Because Plaintiffs seek reform or discharge of federal student loans, the Department of Education is a necessary party." (Dkt. 1 at ¶ 10). After removing the case, Defendant filed

a motion to dismiss, which remains pending and to which Plaintiffs did not respond. (Dkt. 7).

"Federal courts have a duty to inquire into their subject matter jurisdiction sua sponte, even when the parties do not contest the issue." *D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). "In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In its review of the pending motion to dismiss, the Court sua sponte questioned the basis for federal question jurisdiction, and therefore on February 18, 2025, it directed Defendant to show cause why the case should not be remanded to state court for lack of jurisdiction. (Dkt. 9). On February 28, 2025, Defendant filed its response, maintaining its position that federal question jurisdiction is proper and alleging for the first time in the alternative that diversity jurisdiction is also present. (Dkt. 10).

The Court has reviewed Defendant's submission and concludes that Defendant has not established that federal question jurisdiction exists over Plaintiffs' claims. The complaint alleges that Defendant improperly consolidated certain student loans. (Dkt. 2-

3).  While no cause of action is specified, the complaint appears to assert a claim pursuant to the Higher Education Act of 1965, 20 U.S.C. § 1001 *et seq.*, but there is no private right of action under that statute.  *See Williams v. Trans Union LLC*, No. 3:24-CV-200 (JAM), 2024 WL 4901430, at *4 (D. Conn. Nov. 27, 2024) ("[T]he HEA does not afford borrowers a private right of action." (citing *Sanon v. Dep't of Educ.*, 453 F. App'x 28, 30 (2d Cir. 2011))), *appeal filed*, No. 25-37 (2d Cir. Jan. 7, 2025); *Parola v. Citibank (S. Dakota) N.A.*, 894 F. Supp. 2d 188, 198 (D. Conn. 2012) ("[T]he HEA does not create a private right of action, but instead 'permits the Secretary of Education to discharge a loan guaranteed by the Department of Education.' . . . Thus [the plaintiff's] recourse is to seek remedial action by the Department of Education." (quoting *Nehorai v. U.S. Dep't of Educ. Direct Loan*, No. 08-cv-920, 2008 WL 1767072, at *1 (E.D.N.Y. Apr. 14, 2008))).

"If [a] plaintiff brings a claim under a federal statute that does not authorize a private right of action, the statute will not support jurisdiction under § 1331."  *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022); *see also Mason-Ramsey v. Ramsey*, No. 22CV1257(PKC)(VMS), 2023 WL 4665795, at *2 (E.D.N.Y. July 20, 2023) (no federal question presented because "[a]lthough there are federal statutes criminalizing mail theft and related activities, these laws do not create a private cause of action"); *Brooks v. Sallie Mae, Inc.*, No. CIV.A. 3:09CV1547 SRU, 2009 WL 4038467, at *2 (D. Conn. Nov. 19, 2009) ("When there is no private, federal cause of action, the claim does not arise under the federal law.").  Thus, because there is no private right of action under the Higher Education Act, there is no basis for the Court to exercise federal question jurisdiction over

this matter. *See, e.g.*, *Asali v. Chicago Sch. of Pro. Psychology*, No. 24-CV-398 TWR (JLB), 2024 WL 2061586, at *1 (S.D. Cal. Mar. 4, 2024).

The Court is not persuaded by Defendant's argument that the Secretary of Education is a necessary party who confers this Court with subject matter jurisdiction. (*See* Dkt. 1 at ¶ 10). The fact that Plaintiffs could or should have sued the Secretary of Education for the relief sought does not transform the claim asserted by Plaintiffs against Defendant into a federal claim, nor has Defendant demonstrated that the claims asserted against it cannot be resolved without the inclusion of the Secretary of Education. Indeed, nowhere in Defendant's pending motion to dismiss does it argue that the Court is in any manner impeded from resolving the claims against it by the absence of the Secretary of Education, thus undercutting its contention that the Secretary is indispensable to a resolution of this litigation. The fact that the Secretary of Education is not a party to this litigation distinguishes this case from *Dennis v. U.S. Dep't of Educ.*, No. CV DKC 19-2064, 2020 WL 6450212, at *2 (D. Md. Nov. 3, 2020), relied upon by Defendant in its response to the Order to Show Cause. (Dkt. 10 at 3). In fact, the court in *Dennis* recognized that its jurisdiction over the non-federal defendant (the loan guarantor) only existed because of the jurisdiction it could exercise over the Department of Education. 2020 WL 6450212, at *3.

Defendant also argued in response to the Order to Show Cause that the Court should exercise federal question jurisdiction because the issues in this litigation implicate significant federal issues, relying upon *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). (Dkt. 10 at 2). The Supreme Court has recognized that the "vast bulk of suits that arise under federal law" involve instances where "federal law

creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Nonetheless, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prod., Inc.*, 545 U.S. at 312. However, "[i]t is well-settled that only a 'special and small' category of cases that allege a state-law claim meet the test for arising under federal law pursuant to 28 U.S.C. § 1331." *Martelli v. Niagara Falls Bridge Comrn'n*, No. 13-CV-652-A, 2013 WL 3761550, at *2 (W.D.N.Y. July 16, 2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)); *see NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1019 (2d Cir. 2014) ("[T]he Supreme Court has been sparing in recognizing state law claims fitting this criterion.").

"To aid courts in identifying the 'extremely rare exceptions' comprising this group, the Supreme Court has fastened a four-part test." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d 22, 27 (D. Conn. 2015) (quoting *Gunn*, 568 U.S. at 257). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "All four requirements must be satisfied in order for a federal court to have jurisdiction." *Varga v. McGraw Hill Fin., Inc.*, 36 F. Supp. 3d 377, 381 (S.D.N.Y. 2014) (citing *Gunn*, 568 U.S. at 258).

Defendant has not even attempted to satisfy these requirements in its response to the Order to Show Cause—in fact, it simply ignored the requirements. And it is apparent that the requirements are not met here. For instance, with respect to the third requirement, "it is not enough that the federal issue be significant to the particular parties in the immediate

suit; . . . [t]he substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.  Defendant has wholly failed to establish that resolution of the issues in this litigation would have any impact beyond the parties to this litigation.

Thus, it is apparent that Defendant has failed to meet its burden to establish that the Court has federal question jurisdiction—the basis identified for removal.  Implicitly acknowledging its problems with federal question jurisdiction, Defendant attempted to change tactics in its response to the Order to Show Cause, claiming for the first time that the Court also has diversity jurisdiction.  (Dkt. 10 at 4-5).  But it is too late for Defendant to attempt to amend its notice of removal to assert a new ground for jurisdiction. *Westchester Cnty. v. Mylan Pharms.*, Inc., 737 F. Supp. 3d 214, 230 n.12 (S.D.N.Y. 2024) ("While a defendant may . . . amend its notice of removal after thirty days if the amendment is merely technical, it may not amend a notice of removal after thirty days to state a new ground for removal, . . . let alone raise new grounds for removal for the first time in an opposition brief to a motion to remand." (internal quotations and citations omitted)), *appeal docketed*, No. 24-1756 (2d Cir. July 1, 2024).  In *Lupo*, 28 F.3d at 274, a notice of removal asserting federal question jurisdiction as grounds for removal was deemed invalid, and the Second Circuit concluded that "[i]t would be contrary to any concept of sensible judicial administration to permit HAI to amend its notice of removal at this juncture (well beyond thirty days after HAI first received Lupo's complaint)" to pursue diversity jurisdiction as a basis for removal. *Id.*; *see also Baiul v. NBCUniversal Media, LLC*, No. 15-CV-2816 (KBF), 2015 WL 14079227, at *5 (S.D.N.Y. Sept. 16, 2015) ("The Second Amended

Complaint presented no substantial federal question and the Notice of Removal did not include diversity of citizenship as an alternative ground for federal jurisdiction. The Court therefore lacks subject matter jurisdiction over this action and the case must be remanded to the New York Supreme Court."); *IKB Int'l S.A. in Liquidation v. JPMorgan Chase & Co.*, No. 12CV4617-LTS-KNF, 2014 WL 2933043, at *3 (S.D.N.Y. June 27, 2014) ("Permitting Defendants to untimely amend their jurisdictional basis for removal and proceed in this Court on the basis of diversity jurisdiction over Plaintiffs' objection would fly in the face of the general rule that 'federal courts construe the removal statute narrowly, resolving any doubt against removability.'" (quoting *Lupo*, 28 F.3d at 274)); *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 58-59 (S.D.N.Y. 2011) (holding that where a party "did not claim diversity jurisdiction in its notice of removal" that a court could not sustain jurisdiction "on a ground of jurisdiction not stated in that notice"); *Arancio v. Prudential Ins. Co. of Am.*, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002) ("A notice of removal may not be untimely amended to add a 'new avenue of jurisdiction.'" (quoting *Funeral Fin. Sys., Ltd. v. Solex Express, Inc*., 01 Civ. 6079(JG), 2002 WL 598530 at *19-21 (E.D.N.Y. April 11, 2002))).

Because Defendant has not met its burden of establishing that removal is proper, the Court lacks subject matter jurisdiction over this case and remands the matter to New York State Supreme Court, Seneca County, for consideration of the claims. The Clerk of Court is instructed to mail a certified copy of this Decision and Order, with a clear reference to Supreme Court, Seneca County, Index No. 20230345, to the clerk of the state court, and close the case.

- 8 -

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  March 11, 2025
        Rochester, New York